[No. 5533.  Decided September 6, 1905.]

THOMAS J. WRIGHT et al., Respondents, v. R. T. DANIEL, Appellant.[1]

LIBEL AND SLANDER — REFERENCE TO. DANCE HALL — WORDS NOT ACTIONABLE PER SE—PLEADING—COMPLAINT—EVIDENCE—SUFFICIENCY. A complaint for libel in having charged the plaintiff with conducting an entertainment in a manner that "would be a disgrace to the Comique or the worst dance hall in the city" is not sufficient in the absence of inducement or explanation as to the character of the places referred to.

Appeal from a judgment of the superior court for Spokane county, .Richardson, J., entered September 16, 1904, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for libel.  Reversed.

*Samuel R. Stern,* and *Robertson, Miller & Rosenhaupt,* for appellant.

*Merritt & Merritt,* and *B. B. Adams,* for respondents.

ROOT, J.—Respondents were tenants of appellant, upon the third floor of a building known as the "Daniel Block," in Spokane.  They occupied some of the rooms as their dwelling place, and let others to lodgers.  About 10:30 p. m., December 7, 1903, one Rose, a commercial traveler, while in a grill room in Spokane, met a man named Rickard, accompanied by two women, one of whom he introduced as his wife and the other as a friend of hers.  After drinking awhile, these four persons started for the apartments of respondent Mrs. Wright, Rose having been there before. On their way, they fell in with a railway brakeman, and took him along.  They also took along several bottles of beer.  Arriving at Mrs. Wright's rooms, they proceeded to have some music.  After their arrival, other parties also came in.  To heighten the entertainment, some of the parties

1Reported in 82 Pac. 139.

went over to a variety theatre, and brought back two musical performers (a man and woman) and a female impersonator. The company now consisted of about a dozen persons. Music upon various instruments was furnished, and vocal efforts in many keys. Beer and whisky were summoned from a near-by saloon in copious quantities. They danced the waltz, two-step, jigs, cake-walk, and otherwise amused themselves, while the impersonator gave a variety of performances.

There is some conflict in the evidence as to the amount of noise accompanying this entertainment, the respondents claiming that it was very orderly and comparatively quiet, while appellant's witnesses describe it as exceedingly boisterous. Anyway, sometime after midnight, other tenants in the building complained vigorously to the landlord, this appellant, about the noise in Mrs. Wright's apartments, and finally appellant told respondents that the disturbance must cease or he would call in the police. Respondents fix the hour as 1:00 a. m. Other evidence places it at about 2:00 a. m. Mrs. Wright admitted that it had been customary to have liquor sent to the rooms theretofore. It appeared that complaint had been made to appellant about disturbances of this kind in respondents' rooms theretofore. On the next day after the events above set forth, appellant left in respondents' room a letter, of which the following is a copy:

"Spokane, Wash., Dec. 8, 1903.

"Mrs. T. J. Wright, Third Floor, Daniel Block, City: Dear Madam—You are notified by Mr. Daniel that the different tenants in the block have made complaints that you are making it very unpleasant and almost unbearable for them.

"Complaint No. 1, which has been made to him several times by Mrs. Starkey and Mrs. Rudersdorf and other tenants; that complaint has led up to the closing up of the archway and cutting you off from the Howard street stairway, unless all dogs are removed from the premises immediately, yours not excepted.

"Complaint No. 2—For disturbing the sleepers at deadly hours of the night on the Howard street stairway and in your private rooms. You should have some respect for others. Dr. and Mrs. Starkey's room is under your private room, and is entitled to respect and consideration. Last night you held a war dance and carried on at a rate that would be a disgrace to the Comique or the worst dance hall in the city. This performance I witnessed myself at two o'clock this morning. Kicks are constantly coming in about your splitting wood on the floor. Now, in view of the fact that I have favored you in every way to help you, leaving your rent at three-fifths what it should be, makes me feel that you are very undeserving at the least, and I simply have this to say, if you do not remove every dog from the block in twenty-four hours I will raise your rent to $125.00 per month, and should further complaints continue to come in, my agents are instructed to begin legal proceedings to remove you from the premises. I positively will not have all the block upset for the petty sum you are paying.

"Yours truly, R. T. Daniel, Owner."

Appellant also showed this letter to one Rudersdorf, a tenant who had complained of the disturbances aforesaid and of the dogs maintained in the building.

Respondents brought this action as for libel. The trial resulted in a verdict for $1,500. The trial judge reduced the amount to $750, for which amount judgment was rendered. Appeal is taken from this judgment.

A showing is made here that, since the entry of said judgment, respondents have been separated by divorce; and a motion to abate the action is made on account thereof. In view of the conclusion we have reached upon the merits, we do not pass upon this motion. The case was tried upon the second amended complaint. The portion of the letter relied upon as libelous is that where reference is made to "the Comique or the worst dance hall in the city." There is nothing in said second amended complaint in the nature of inducement, colloquium, or innuendo. The court is not informed as to the character or reputation of the "Comique,"

nor as to how bad the dance halls are in Spokane, or as to whether there are any.

Owing to the character of the facts revealed by the evidence in this case, we do not conceive that a discussion of them would be edifying or essential. In view of the form of the complaint, and considering merely the evidence adduced on the part of respondents and that on appellant's behalf which was uncontradicted, we are led to believe that the ends of justice will be subserved by a dismissal of this action.

The judgment of the honorable superior court is reversed, with directions to dismiss the action.

MOUNT, C. J., CROW, RUDKIN, HADLEY, and DUNBAR, JJ., concur.